Rebecca Cambreleng, OSB No. 133209
rebecca@workplacelawpdx.com
**CAMBRELENG & MARTON LLC**
3518 S Corbett Ave
Portland, Oregon 97239
Telephone: 503-477-4899

Tracy Frazier, OSB No. 107125
tracy@mackefrazier.com
Macke Frazier Law
2455 NW Marshall St., Suite 6
Portland, OR 97210
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| **JENIFER MONEY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON DEPARTMENT OF JUSTICE**, a public entity; **OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES**, a public entity; **DREW BAUMCHEN**, Assistant Attorney General for the Oregon Department of Justice, **ELLEN ROSENBLUM**, in her official capacity as the Attorney General of the State of Oregon, and **JOHN/JANE DOES 1-2**, individuals,<br><br>Defendants. | Case No.   3:26-cv-00451<br><br>**COMPLAINT**<br><br>**Violations of the Civil Rights Act 42 U.S.C. §1983 Malicious Prosecution**<br><br>**JURY TRIAL REQUESTED** |

Page 1 – **COMPLAINT**

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343(3) and (4), et seq.

2.

Venue is proper under 28 U.S.C. §1391(b), in that one or more of the Defendants reside in the District of Oregon and Plaintiff's claims arose in this District.

## THE PARTIES

3.

Plaintiff **JENIFER MONEY** is a female resident and citizen of the state of Oregon. At all material times she was a resident of Oregon.

4.

Defendant **OREGON DEPARTMENT OF JUSTICE** ("DOJ") is an executive agency of the State of Oregon. The DOJ handles and oversees litigation and legal matters for the State of Oregon. At all times relevant to this Complaint, **ELLEN ROSENBLUM** was the head of the DOJ and had final approval on all cases filed by the DOJ. At all times relevant to this Complaint, the DOJ employed Defendant Baumchen. Defendant DOJ is vicariously liable for all of the tortuous and unconstitutional acts and omissions of the defendants committed within the course and scope of their employment.

5.

The **OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES** ("DAS") is an administrative agency of the State of Oregon. DAS is the central support agency for

Oregon's state government, handling essential business functions like purchasing technology, managing facilities, and fleet management to help other agencies operate efficiently and serve the public. DAS is also responsible for risk management for the State of Oregon. At all times relevant to this complaint, John/Jane DOE were individuals employed by DAS who had decision-making authority and/or recommendations regarding the filing of complaints by the DOJ.

6.

Defendant **DREW BAUMCHEN** ("Defendant Baumchen") is an individual and is an attorney employed as an Assistant Attorney General ("AAG") by the State of Oregon, Oregon DOJ.

7.

Defendant **ELLEN ROSENBLUM** is an individual and at the times relevant to the claims in this suit was the Attorney General for the State of Oregon, which oversees the DOJ. Defendant Rosenblum is sued in her official capacity as the Attorney General.

8.

Defendant **JOHN/JANE DOE 1** is an individual employed by DAS.

9.

Defendant **JOHN/JANE DOE 2** is an individual employed by the Oregon Department of Human Resources.

10.

All defendants acted under color of law at all times relevant to this complaint.

//

Page 3 – **COMPLAINT**

## GENERAL ALLEGATIONS

11.

Plaintiff is and was, the mother and custodial parent of her minor daughter, J.M.

12.

J.M. was sexually abused by convicted felon Robert Wilson ("Wilson") in 2020 and 2021, when she was 12 years old.

13.

J.M. disclosed her abuse in May 2021 to a close family member. Plaintiff did not previously know of the abuse.

14.

Plaintiff fully cooperated with law enforcement's investigation of Wilson.

15.

Upon learning about the abuse, Plaintiff immediately obtained a sexual abuse protective order from Multnomah County Circuit Court on behalf of herself and her daughter in the event Wilson was not held in custody.

16.

Plaintiff also fully cooperated with the Oregon Department of Human Services' ("ODHS") investigation and assessment of the abuse.

17.

At the end of the assessment, Plaintiff was **not** charged with a criminal offense and her children were not removed from her custody.

//

18.

On or about May 19, 2021, ODHS determined that there was no objectively reasonable evidence to find Plaintiff was not protective and/or negligent in her care/supervision of J.M.

19.

On July 21, 2023, J.M. initiated a complaint for damages against the State of Oregon, ODHS through a guardian ad litem.

20.

On November 8, 2023, four (4) months after J.M.'s complaint was filed, the State of Oregon via DOJ attorney Baumchen filed a baseless and unwarranted Third-Party Complaint for damages against Plaintiff, claiming that Plaintiff's gross negligence caused her daughter's abuse and that as the custodial parent, her conduct was palpably unreasonable and created a foreseeable risk to J.M.

21.

The State of Oregon's claims were filed against Plaintiff approximately two years and five months after ODHS assessed there was no objective evidence that Plaintiff was negligent in her care and supervision of J.M.

22.

During litigation, the parties participated in a lengthy discovery exchange that lasted approximately eighteen months.  The discovery record is absent any witness, state representative or expert stating that Plaintiff was grossly negligent in her care and supervision of J.M., yet the State of Oregon proceeded with its baseless claims.

//

23.

J.M.'s claims against the State of Oregon and the State of Oregon's claims against Plaintiff proceeded to a jury trial on January 6, 2025.

24.

Not a single witness called by any party stated Plaintiff was negligent in her care and supervision of J.M.

25.

Not a single witness called by any party stated the Plaintiff was grossly negligent in her care and supervision of J.M.

26.

All the witnesses who testified at Plaintiff's trial, each of whom was also a mandatory child abuse reporter, testified that if they believed Plaintiff was complacent or at fault for the abuse of J.M., they were obligated to make a mandatory child abuse report.

27.

Each of these witnesses testified that they did not feel obligated to make a mandatory child abuse report against Plaintiff.

28.

The State of Oregon called three witnesses and designated each as an expert. Not a single witness designated as an expert by the State of Oregon testified that Plaintiff was negligent in her supervision and care of J.M.

29.

Not a single witness designated as an expert by the State of Oregon testified that

Plaintiff was grossly negligent in her supervision and care of J.M.

30.

The State of Oregon's own expert on the subject matter of child abuse assessments testified that she was directed by the state's attorney **not** to review the assessment conducted by the State of Oregon after J.M.'s disclosure that found no objective evidence to support a finding that Plaintiff was negligent in her supervision of J.M.

31.

Finally, the State of Oregon spent substantial resources to hire, consult with, and fly out for trial from Texas a witness with a PhD to testify on liability. The State of Oregon did not even ask this liability expert if Plaintiff was negligent or grossly negligent in her supervision of J.M.

32.

At the conclusion of trial, the jury returned a unanimous verdict finding the State of Oregon liable and dismissing the claims against Plaintiff.

33.

At the time the third-party complaint was filed against Plaintiff, Plaintiff and J.M. became unable to discuss anything related to their cases.

34.

Prior to the third-party lawsuit, J.M. was reliant on Plaintiff for advice and support through the criminal and civil proceedings.

35.

J.M., a minor, felt she could not confide in her mother regarding her lawsuit, and

likewise Plaintiff, the mother of an emotionally fragile, sexually abused minor daughter, could not provide support to her ongoing lawsuit against the state.

36.

J.M. was so distraught she wanted to drop the case against ODHS.

37.

Though J.M. ultimately proceeded with the litigation and held the State of Oregon accountable, Plaintiff was deprived of the ability to comfort and associate with her minor child during one of the most trying times of her young life.

38.

The State had no probable cause to bring a claim against Plaintiff, and no reason to do so other than to pressure J.M. to drop her suit against the State of Oregon by depriving Plaintiff of her right to association with her daughter – a sexually abused minor who depended on her mother for support and advice.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – First and Fourteenth Amendment – Familial Association)

### (All Defendants)

39.

Plaintiff incorporates paragraphs 1 through 38 as though fully set forth herein.

40.

In violation of 42 USC § 1983, Defendants deprived Plaintiff of her constitutional rights established under the First and Fourteenth Amendment guaranteeing freedom of Association as alleged herein.

41.

At all times material to this complaint, all individual Defendants acted or purported to act in the performance of official duties under state, county, or municipal law, ordinances or regulations.

42.

The conduct of the individual defendants herein was malicious and/or in reckless disregard of Plaintiff's well-established statutory and constitutionally protected rights. As such, Plaintiff is entitled to separate awards of punitive damages against defendants in amounts to be determined at trial.

43.

Plaintiff's associational rights were violated by the actions of Defendants, as described above.

44.

These actions violated Plaintiff's associational right by the Fourteenth Amendment.

45.

Plaintiff's associational right was taken away in violation of Plaintiff's Fourteenth Amendment rights.

46.

All Defendants misused their official powers with a willful and malicious intent to deprive Plaintiff of her rights and cause her grievous harm thereby.

47.

The constitutional right of association under the Fourteenth Amendment was well

established at the time Defendants took the aforementioned actions against Plaintiff.

48.

All individual Defendants, in acting to deprive Plaintiff of her rights, acted intentionally, knowingly, willfully, and with gross disregard to Plaintiff's rights.

49.

All individual Defendants' actions towards Plaintiff, as alleged in the above-mentioned paragraphs, constitute a violation of 42 U.S.C. § 1983 for which Plaintiff is entitled to relief.

50.

The violations of 42 U.S.C. § 1983 by all Defendants resulted in Plaintiff being deprived of her rights, privileges, or immunities secured by the Constitution and laws of the United States.

51.

As a result of all individual Defendants' violations of 42 U.S.C. § 1983, Plaintiff has suffered economic damages in an amount to be determined at trial, along with non-economic damages in an amount to be determined at trial.

52.

Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief, reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

## ABUSE OF PROCESS/ WRONGFUL INITIATION OF A CIVIL PROCEEDING

### (Civil Rights Action 42 U.S.C. § 1983)

### (All Defendants)

53.

Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

54.

Defendants intentionally and maliciously instituted and pursued a legal action against Plaintiff without probable cause in order to deprive Plaintiff of her first and fourteenth amendment rights of association.

55.

The proceeding was terminated in Plaintiff's favor.

56.

As a result of the violations of 42 U.S.C. § 1983, Plaintiff has suffered economic damages in an amount to be determined at trial, along with non-economic damages in an amount to be determined at trial.

57.

Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief, reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

1. Declare Defendants in violation of the statutes set forth in Plaintiff's claims for relief;

2. Order Defendants to make Plaintiff whole by providing compensation for economic and non-economic losses in an amount as awarded by the Court or a jury;

4. Award Plaintiff her costs of suit and reasonable attorney fees, costs, and expert witness fees;

5. Order Defendants to pay prejudgment interest and post-judgment interest on all amounts due to Plaintiff as a result of this action, with interest at the prevailing rate; and

6. Order such further or alternative relief in favor of Plaintiff as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

DATED this 9th day of March, 2026.

                **CAMBRELENG & MARTON LLC**

By:   */s Rebecca Cambreleng*
      Rebecca Cambreleng, OSB No. 133209
      Rebecca@workplacelawpdx.com
      CAMBRELENG & MARTON LLC
      3518 S Corbett Avenue
      Portland, Oregon 97239
      Telephone: (503) 477-4899

      */s Tracy Frazier*
      Tracy Frazier, OSB No. 107125
      Tracy@mackefrazier.com
      Macke Frazier Law
      2455 NW Marshall St., Suite 6
      Portland, OR 97210
      *Attorneys for Plaintiff*