IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JENIFER MONEY,<br><br>Plaintiff,<br>v.<br><br>JOHN/JANE DOES 1-2, individuals,<br><br>Defendants. | 3:26-cv-00451-AN<br><br>OPINION AND ORDER |

Plaintiff Jenifer Money brings this civil rights action against John/Jane Does 1-2 (the "Doe Defendants") employed by the Oregon Department of Administrative Services ("DAS") and the Oregon Department of Human Resources ("ODHR") for allegedly (1) violating plaintiff's right to familial association and (2) maliciously prosecuting plaintiff. Now pending before the Court is defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). After reviewing the parties' filings, the Court finds that oral argument will not help resolve this matter. *See* Local R. 7-1(d). For the reasons stated herein, defendant's motion is GRANTED.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*

*v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in the plaintiff's favor. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Baca*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## BACKGROUND

### A. Plaintiff's Factual Allegations

Plaintiff's minor daughter, J.M., was sexually abused by Robert Wilson in 2020 and 2021. 1st Am. Compl. ("FAC"), ECF 15, at ¶¶ 11-12. Law enforcement and the Oregon Department of Human Services ("ODHS") both investigated this abuse. *Id.* ¶¶ 14-16. Ultimately, "ODHS determined that there was no objectively reasonable evidence to find Plaintiff was not protective and/or negligent in her care/supervision of J.M." *Id.* ¶ 18. The state did not charge plaintiff with a criminal offense, and plaintiff's children were not removed from her custody. *Id.* ¶ 17.

On July 21, 2023, J.M. filed a complaint for damages against the State of Oregon, ODHS through a guardian ad litem. *Id.* ¶ 19. Four months later, on November 8, 2023,

> the State of Oregon, ODHS—acting through John and Jane Does . . . brought a baseless and unwarranted Third-Party Complaint for damages against Plaintiff, claiming that Plaintiff's gross negligence cause[d] her daughter's abuse and that as a custodial parent, her conduct was palpably unreasonable and created a foreseeable risk to J.M.

*Id.* ¶ 20. The Doe Defendants "were individuals employed by DAS who had decision-making authority and/or recommendations regarding the filing of complaints by" the Oregon Department of Justice

("ODOJ").[1] *Id.* ¶ 5.

Prior to the State's filing, "J.M. was reliant on Plaintiff for advice and support through the criminal and civil proceedings." *Id.* ¶ 34. However, plaintiff "and J.M. became unable to discuss anything related to their cases" after this filing. *Id.* ¶ 33. J.M. felt "she could not confide in her mother regarding her lawsuit" and Plaintiff felt that she "could not provide support to her [daughter in her] ongoing lawsuit against the state." *Id.* ¶ 35. Ultimately, J.M. became so distraught that "she wanted to drop the case against ODHS." *Id.* ¶ 36. Nonetheless, J.M. proceeded with the litigation. *Id.* ¶ 37.

J.M.'s action proceeded to jury trial on January 6, 2026. *Id.* ¶ 23. No fact or expert witnesses testified that plaintiff "was negligent in her care and supervision of J.M." *Id.* ¶¶ 24, 28. On the contrary, all fact witnesses "testified that did not feel obligated to make a mandatory child abuse report against Plaintiff." *Id.* ¶ 27. The State of Oregon's expert witness on "child abuse assessments testified that she was directed by the state's attorney not to review the assessment conducted by the State of Oregon after J.M.'s disclosure that found no objective evidence to support a finding that Plaintiff was negligent in her supervision of J.M." *Id.* ¶ 30 (emphasis omitted).

"At the conclusion of trial, the jury returned a unanimous verdict finding the State of Oregon liable and dismissing the claims against Plaintiff." *Id.* ¶ 32.

**B. Procedural History**

Plaintiff initiated this action on March 9, 2026. *See* Compl., ECF 1. Plaintiff's initial complaint brought two Section 1983 claims against ODOJ; the Oregon Department of Administrative Services; Drew Baumchen, the Assistant Attorney General for ODOJ; Ellen Rosenblum, in her official capacity as Attorney General for the State of Oregon; and the Doe Defendants, in their individual capacities. *Id.* at 1.

On April 22, 2026, defendants filed a motion to dismiss, ECF 5. Defendants noted in their motion that plaintiff stipulated and agreed to voluntarily dismiss defendants ODOJ and Oregon Department of

[1] While plaintiff separately alleges that Doe Defendant 1 is "employed by DAS," plaintiff also alleges that Doe Defendant 2 is "employed by the [ODHR]." FAC ¶¶ 8-9. It is not clear from the pleadings whether plaintiff is intending to allege that Doe Defendant 2 is employed by both DAS and ODHR or by only one of the named entities.

Administrative Services. *Id.* at 1. Defendants' motion therefore only addressed Baumchen, Rosenblum, and the Doe Defendants. Defendants argued that Baumchen and Rosenblum should be dismissed for absolute prosecutorial immunity, that the Doe defendants should be dismissed under the doctrine of qualified immunity, and that the complaint should be dismissed in general for failure to state a claim. *See id.* at 2. Defendants also asked the Court to take judicial notice of certain documents in the underlying state court case, *J.M. v. State of Oregon*, Multnomah County Case No. 23CV29141. *Id.* at 3.

Plaintiff responded in opposition on May 20, 2026, ECF 11. In the response, plaintiff stipulated to the voluntary dismissal of defendants Bauchman and Rosenblum, but argued that she had adequately pleaded her claims against the Doe Defendants. *Id.* at 2. Plaintiff also joined in defendants' request for judicial notice. *Id.* at 5. The following day, on May 21, 2026, plaintiff filed an amended complaint removing the dismissed defendants and thus leaving only the two Doe Defendants. *See* FAC. In light of this filing, the Court initially terminated defendant's motion to dismiss as moot. *See* ECF 16. However, upon correspondence from the parties, the Court reinstated the motion to dismiss as to the remaining Doe Defendants. *See* ECF 17. On June 3, 2026, defendants filed a reply in support of their motion to dismiss, ECF 18. The reply argues that plaintiff has not adequately pleaded claims against the Doe Defendants and that the Doe Defendants are entitled to qualified immunity. *See id.* at 1-2.

## DISCUSSION

Plaintiff's claims must be dismissed because plaintiff does not sufficiently allege that the Doe Defendants violated her constitutional rights. An individual deprives a plaintiff "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). There is no vicarious liability in Section 1983 suits; "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678; *see Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no

respondeat superior liability under section 1983.").

Plaintiff alleges only that the Doe Defendants "were individuals employed by DAS who had decision-making authority and/or recommendations regarding the filing of complaints by the DOJ" and that the State of Oregon "acting through [the Doe Defendants] . . . brought a baseless and unwarranted Third-Party Complaint for damages against Plaintiff." FAC ¶¶ 5-20. These allegations are wholly conclusory and do not explain how either Doe Defendant personally violated plaintiff's constitutional rights. Based on the current allegations, the Court cannot sufficiently assess whether the Doe Defendants are entitled to immunity or find plausible either of plaintiff's claims. More is needed to sufficiently state a Section 1983 claim for relief. *See Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 942 (S.D. Cal. 2022) (dismissing claims against Doe defendants where the plaintiff failed to explain how they "caused a violation of her constitutional rights"); *Hernandez v. San Bernardino Cnty.*, 2023 WL 3432206, at *3 (C.D. Cal. Jan. 26, 2023) (collecting cases).

**CONCLUSION**

Accordingly, defendant's motion to dismiss, ECF 5, is GRANTED. The first amended complaint, ECF 15, is DISMISSED with leave to amend. If plaintiff wishes to file an amended complaint, she must do so within thirty (30) days.

IT IS SO ORDERED.

DATED this 9th day of September, 2026.

Adrienne Nelson
United States District Judge